**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| WISAM RIZK, | : | |
| | : | Civ. No. 22-6538 (RMB) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| WARDEN FCI FORT DIX, et al., | : | |
| Respondents. | : | |

**BUMB, Chief United States District Judge**

  Petitioner Wisam Rizk, a federal inmate at FCI Fort Dix, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. In 2018, Rizk pleaded guilty in the Northern District of Ohio to conspiracy to commit wire fraud and related offenses and in 2019 he was sentenced, as relevant here, to 58 months of imprisonment. At sentencing, the district judge entered a removal order pursuant to 8 U.S.C. § 1228, which, among other things, authorizes a district court to "enter a judicial order of removal at the time of sentencing against an alien who is deportable[.]" 8 U.S.C. § 1228(c)(1).

  The issue in this case is the effect, if any, of that removal order on Petitioner's eligibility to receive certain credits against his 58-month sentence, which would have the effect of reducing the amount of time he spends in prison. In the First Step Act of 2018, Congress provided that inmates who complete "evidence-based recidivism reduction programming" are eligible for awards of earned-time credit against their sentences, 18 U.S.C. § 3632(d)(4)(A), but at the same time provided that some inmates would be ineligible for such credits, including, as relevant here,

any prisoner who "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The latter provision notwithstanding, Petitioner contends that he is eligible for one year of earned-credit time because a removal order entered by a federal district judge under 8 U.S.C. § 1228 is not a "final order of removal" as that term has been defined by statute.[1] Respondent contends that the Court should dismiss the petition because Petitioner failed to exhaust his administrative remedies, and that, in any event, Petitioner is statutorily ineligible for earned-credit time because a judicial order of removal is a "final order of removal." Petitioner concedes that he did not exhaust but argues that exhaustion would have been futile because the issue of whether his removal order is "final" is one of statutory interpretation. ECF No. 15 at 2–7.

The Court will deny the petition on the merits because, as explained below, Petitioner's judicial order of removal renders him statutorily ineligible for earned-time credit.

I.     BACKGROUND

   A. The Underlying Criminal Matter

Petitioner is a native of Lebanon and a citizen of Austria. *United States v. Rizk*, Crim. No. 17-424 (N.D. Ohio), ECF No. 61 at 1 (judicial order of removal entered in Petitioner's underlying criminal matter).[2] On November 16, 2018, he pleaded guilty in the United States District Court for the Northern District of Ohio to conspiracy to commit wire fraud and honest

---

[1] Petitioner's projected release date is in April 2024, thus if he is correct he would be eligible for immediate release. *See* https://www.bop.gov/inmateloc/ (search for "Wisam Rizk") (last visited Oct. 30, 2023).

[2] The Court takes judicial notice of the public docket in Petitioner's underlying criminal case. *See United States v. Graves*, 849 F. App'x 349, 354 (3d Cir. 2021) (taking judicial notice of criminal docket); *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

services wire fraud, in violation of 18 U.S.C. § 1349; wire fraud and honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; and false statement and false document, in violation of 18 U.S.C. § 1001(a)(2) and (a)(3). *Id.*, ECF minute entry dated 11/16/18 (reflecting Petitioner's guilty plea); ECF No. 37 (plea agreement). On October 30, 2019, the district court sentenced Petitioner to 58 months' imprisonment, followed by a one-year term of supervised release. *Id.* ECF minute entry dated 10/30/19 (reflecting sentencing ), ECF No. 62 (judgment, entered Nov. 4, 2019).

On October 31, 2019,[3] the sentencing judge, with Petitioner's consent, also entered a judicial order of removal, finding that Petitioner (1) was subject to removal from the United States based on his conviction; (2) "waived his right to notice and a hearing under Section 238(c) of the [Immigration and Nationality Act], 8 U.S.C. § 1228(c)"; and (3) "waived the opportunity to pursue any and all forms of relief and protection from removal." *Rizk*, Crim. No. 17-424, ECF No. 61 (order). The court ordered Petitioner "removed from the United States to Austria, upon his sentencing, which removal is to be effected upon completion of his term of incarceration." *Id.*, ECF No. 61 at 3.

On November 13, 2019, Petitioner filed a notice of appeal, *Rizk*, Crim. No. 17-424, ECF No. 64 at 1, but voluntarily dismissed the appeal two weeks later. *Id.*, ECF Nos. 66 (motion), 69 (Sixth Circuit order). Thereafter, Petitioner (1) moved to be transferred from U.S. custody to the custody of Austrian government officials, and (2) moved several times for compassionate release. *Id.*, ECF Nos. 70, 74, 84, 97. The sentencing court denied those motions. *Id.*, ECF Nos. 72, 79, 99.

---

[3] The order is dated October 30, 2019—i.e., the same day the sentence was pronounced—but was entered October 31. *Rizk*, Crim. No. 17-424, ECF No. 61.

On September 16, 2021, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied as untimely on September 21, 2022. *Rizk*, Crim. No. 17-424, ECF Nos. 83 (motion to vacate), 100 (opinion and order), 101 (judgment). The district court found Petitioner was not entitled to equitable tolling of the limitations period because, *inter alia*, given that he filed several other motions during that period, he failed to demonstrate that he diligently pursued his rights and that an extraordinary circumstance stood in his way. *Id.*, ECF No. 100 at 7–9. Petitioner sought a certificate of appealability from the Sixth Circuit; it was denied on February 27, 2023. *Id.*, ECF Nos. 102 (notice of appeal), 104 (Sixth Circuit order). He then unsuccessfully petitioned for rehearing en banc and certiorari. *Rizk v. United States*, 6th Cir. No. 22-2824, ECF Nos. 8, 10, 106, 107.

### B. The § 2241 Petition

On September 21, 2022—the same day Petitioner's § 2255 was denied—Petitioner filed his initial § 2241 petition in this Court. ECF No. 1. In November 2022, Petitioner moved to amend (ECF No. 2), which the Court granted in December 2022 (ECF No. 5). Respondent answered (ECF No. 7), and thereafter, in February 2023, Petitioner requested permission to withdraw his petition due to a BOP policy change (ECF No. 10). Petitioner then moved to withdraw that request (ECF No. 11) and, in March 2023, moved to amend his petition (ECF No. 12). The Court granted the motion (ECF No. 13) and ordered Respondent to answer (*id.*). Respondent answered in March 2023 (ECF No. 14) and Petitioner replied in April 2023 (ECF No. 15). Accordingly, the matter is submitted and ripe for review.

## II. DISCUSSION

As an initial matter, because the Court finds that Petitioner is statutorily ineligible for the credit he seeks, the Court will not address the parties' exhaustion arguments and will instead exercise its discretion to decide the matter on the merits. *See*, *e.g.*, *Guerrero v. Recktenwald*, 542 F.

4

App'x 161, 163 (3d Cir. 2013) ("[T]he District Court did not err in denying Guerrero's habeas petition on the merits, before determining whether Guerrero exhausted his administrative remedies. . . . [T]here is no statutory exhaustion requirement attached to § 2241 . . . .") (citing *Callwood v. Enos,* 230 F.3d 627, 634 (3d Cir. 2000).[4]

Under the First Step Act, certain federal inmates may reduce the length of their sentences by accumulating and applying time credits. *See* 18 U.S.C. § 3632(d)(4). Specifically, "[a] prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn . . . 10 days of time credits for every 30 days of successful participation" in programming. *Id.* § 3632(d)(4)(A)(i). The time credits "shall be applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). However, some prisoners—including those who have been convicted of certain enumerated offenses and, as relevant here, those who are "the subject of a final order of removal under any provision of the immigration laws"—are ineligible for credits. *Id.* § 3632(d)(4)(E)(i).

The Immigration and Nationality Act provides that "a United States district court shall have jurisdiction to enter a judicial order of removal at the time of sentencing against an alien who is deportable, if such an order has been requested by the United States Attorney with the concurrence of the Commissioner and if the court chooses to exercise such jurisdiction." 8

---

[4] *See also, e.g.*, *Moscato v. Fed. Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996)); *Fellows v. Spaulding*, No. 22-1900, 2023 WL 3160153, at *2 (M.D. Pa. Apr. 28, 2023) ("Although respondent argues petitioner failed to exhaust administrative remedies, we will exercise our discretion to decide this case on the merits without deciding the issue of exhaustion"), *aff'd sub nom. Fellows v. Warden Lewisburg USP*, No. 23-1902, 2023 WL 5092769 (3d Cir. Aug. 9, 2023); *Ramos-Sanchez v. Warden FCC Allenwood*, No. 21-9, 2021 WL 3115204, at *2 (M.D. Pa. July 22, 2021) ("the court will not address the exhaustion argument because . . . the court finds that Ramos-Sanchez is not entitled to relief as to the merits of his claim"); *see also Felix-Felix v. Engleman*, No. 23-1722, 2023 WL 3903817, at *5 (C.D. Cal. May 11, 2023) ("[I]t is unnecessary for the Court to resolve whether Petitioner's failure to exhaust his claim should be excused. Petitioner's status as a prisoner under a final order of removal conclusively precludes the relief Petitioner seeks by the instant Petition, whether or not he exhausted his administrative remedies before presenting his claim to this Court."), *report and recommendation adopted*, 2023 WL 3901778 (C.D. Cal. June 7, 2023).

U.S.C. § 1228 (c)(1). The United States Attorney may also "enter into a plea agreement which calls for the alien, who is deportable . . ., to waive the right to notice and a hearing . . ., and stipulate to the entry of a judicial order of removal from the United States as a condition of the plea agreement . . . ." 8 U.S.C. § 1228(c)(5). A defendant may appeal a judicial order of removal "to the court of appeals for the circuit in which the district court is located." 8 U.S.C. § 1228(c)(3)(A)(i). A judicial order of removal "*shall become final*" upon (1) execution by the defendant of a valid waiver of the right to appeal the conviction on which the order of removal is based, (2) the expiration of the 30-day period for appealing, or (3) the final dismissal of an appeal from such conviction. *Id.* § 1228(c)(3)(A)(iii) (emphasis added).[5]

Here, the sentencing court entered the judicial order of removal pursuant to 8 U.S.C. § 1228(c) on October 31, 2019.[6] *Rizk*, Crim. No. 17-424, ECF No. 61. Petitioner had 30 days to

---

[5] 8 U.S.C.A. § 1228 provides, in relevant part:

> (i) A judicial order of removal or denial of such order may be appealed by either party to the court of appeals for the circuit in which the district court is located.
>
> (ii) Except as provided in clause (iii), such appeal shall be considered consistent with the requirements described in section 1252 of this title.
>
> (iii) Upon execution by the defendant of a valid waiver of the right to appeal the conviction on which the order of removal is based, the expiration of the period described in section 1252(b)(1) of this title, or the final dismissal of an appeal from such conviction, the order of removal *shall become final* and shall be executed at the end of the prison term in accordance with the terms of the order. If the conviction is reversed on direct appeal, the order entered pursuant to this section shall be void.

8 U.S.C. § 1228(c)(3)(A) (emphasis added). Section 1252(b)(1) provides that a petition for review of an order of removal "must be filed not later than 30 days after the date of the final order of removal."

[6] The Court notes that the order entered by the sentencing court appears to comply with 8 U.S.C. § 1228(c)(5), in that Petitioner's crimes render him deportable, the order was requested by the United States Attorney with the concurrence of the Commissioner, Petitioner waived his right to notice and a hearing, and Petitioner stipulated to the entry of a judicial order of removal from the United States presumably as a condition of his plea agreement (but the Court cannot confirm it was a condition of Petitioner's plea agreement as it has not been provided with the plea agreement). *See Rizk*, Crim. No. 17-424, ECF Nos. 38 at 3 (application by Government for judicial order of removal "pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c)"); 38-2 at 2, 4 (Petitioner's Plea Statement in Support of Judicial Removal wherein he (1) agrees "to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5); (2) accepts factual allegations and concedes that he is "removable from the United States pursuant to 8 U.S.C. 1227(a)(2)(A)(iii), as an alien who will have been convicted of

appeal it. *See* 8 U.S.C. § 1228(c) (appeal of judicial order of removal "shall be considered consistent with the requirements described in section 1252 of this title"); *Coates v. Attorney General of the United States of America*, No. 17-3069, 2018 WL 11339453, at *1 (3d Cir. Feb. 13, 2018) ("A petition for review must be filed no later than 30 days after the date of a final order of removal.") (citing 8 U.S.C. § 1252(b)(1)).

Petitioner filed a notice of appeal within 30 days, i.e., on November 13, 2019 (*Rizk*, Crim. No. 17-424, ECF No. 64), but it is not clear that he was appealing the judicial order of removal (as opposed to the judgment of conviction), and in any event he moved to dismiss the appeal on November 27, 2019 (*id.*, ECF No. 66), which the Sixth Circuit granted that same day (*id.*, ECF No. 69), and the 30 days to appeal the removal order expired 5 days later, on December 2.[7] This could be interpreted in one of two ways: either Petitioner did not appeal the removal order within the requisite 30 days, or the Sixth Circuit's grant of his motion to dismiss his appeal was a "final dismissal of [his] appeal from [his] conviction," 8 U.S.C. § 1228(c)(3)(A)(iii). Either

---

aggravated felonies as described in 8 U.S.C. 1101(a)(43)(U), (M)(i), and (S)"; (3) waives (a) "the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and any and all rights to appeal, reopen, reconsider, or otherwise challenge any order of removal," and (b) "any and all rights [he] may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations"; and (4) asserts that he "will accept a written order issued by [the sentencing court] for [his] removal from the United States to Austria"), 61 at 3 (order of judicial removal finding Petitioner is (1) "subject to removal pursuant to 8 U.S.C. 1227(a)(2)(A)(iii), as an alien who will have been convicted of an aggravated felonies [sic] as described in 8 U.S.C. 1101(a)(43)(U), (M)(i), and (S)"; and (2) "has waived the opportunity to pursue any and all forms of relief and protection from removal.").

To the extent Petitioner seeks to challenge the validity of the removal order, the Court lacks jurisdiction to hear such challenge. Rather, that authority lies solely with the appropriate circuit court of appeals. 8 U.S.C. § 1252 (a)(5) ("Notwithstanding any other provision of law . . ., including section 2241 of title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)," which is not relevant here.).

[7] The removal order was entered October 31, 2018. *Rizk*, Crim. No. 17-424, ECF No. 61. The 30th day, Nov. 30, was a Saturday, thus Rizk had until Monday, December 2, 2018, to appeal the removal order.

7

way, the statute is clear that at that point his removal order became "final." *Id.* (judicial order of removal becomes "final" "[u]pon . . . the expiration of the [30-day] period described in section 1252(b)(1) of this title" or the "final dismissal of an appeal from such conviction"); *see also Thoung v. United States*, 913 F.3d 999, 1003 (10th Cir. 2019) ("Because the district court's judicial order of removal was entered under § 1228(c)(5), the judicial process established by the REAL ID Act is Thoung's sole means of challenging her judicial removal order—a means that is now time-barred. To comply with § 1252(a)(5), Thoung would have had to petition the court of appeals within thirty days of the district court's entry of the final removal order . . . ."). [8]

Accordingly, the plain language of 8 U.S.C. § 1228(c)(3)(A)(iii) provides that Petitioner's removal order was "final." Thus, pursuant to 18 U.S.C. § 3632(d)(4)(E), Petitioner is statutorily ineligible for earned-time credit because he is "the subject of a final order of removal," and the Court therefore cannot grant him the relief he seeks. Hence, his § 2241 petition must be denied.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's habeas petition (ECF No. 12) is denied. An appropriate order follows.

DATED:  November 30, 2023

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

---

[8] To the extent the Sixth Circuit's dismissal of Petitioner's direct appeal was not a "final" disposition of his criminal proceedings because he still had the right to file a motion under 28 U.S.C. § 2255, the criminal proceedings in any event became "final" when the Supreme Court denied Petitioner certiorari on his § 2255 appeal. 8 U.S.C. § 1228(c)(3)(A) (iii). As explained earlier, Petitioner moved to withdraw his direct appeal (*Rizk*, Crim. No. 17-424, ECF No. 66), which the Sixth circuit granted (*id.*, ECF No. 69), thus ending his direct appeal. He later brought a challenge pursuant to 28 U.S.C. § 2255 (*id.*, ECF No. 83). The sentencing court dismissed the § 2255 petition (*id.*, ECF Nos. 100, 101), and Petitioner thereafter appealed to the Sixth Circuit (*id.*, ECF Nos. 102, 104; *Rizk*, 6th Cir. No. 22-2824, ECF Nos. 8, 10) and the Supreme Court (*Rizk*, Crim. No. 17-424, ECF No. 106, 107), with the Supreme Court denying certiorari on October 3, 2023 (*id.*, ECF No. 107). Accordingly, even assuming, arguendo, the judicial order of removal was not final when the time to appeal the order expired, pursuant to 8 U.S.C. § 1228(c)(3)(A) (iii), it was certainly final once the Supreme Court denied certiorari. *Id.* ("[u]pon . . . the final dismissal of an appeal from [the underlying] conviction, the order of removal shall become final").