NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WISAM RIZK, | : | Civ. No. 22-6538 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN FCI FORT DIX, et al., | : | |
| | : | |
| Respondents | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Wisam Rizk's motion for reconsideration (Dkt. No. 20), under Federal Rule of Civil Procedure 59(e), of this Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenged the duration of his confinement under the First Step Act, 18 U.S.C. § 3632(4).   This Court takes judicial notice of the Federal Bureau of Prison's ("BOP") Inmate Locator, which shows Inmate Wisam Rizk was released from BOP custody, where he was incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, on April 24, 2024.[1]

Petitioner seeks reconsideration of this Court's denial of his habeas petition under § 2241, holding Petitioner was not entitled to application of First Step Act time credits toward early release to home confinement or a residential reentry center because he was subject to a final order of removal.   (Mot. for Reconsideration, Dkt.

---

[1] Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/

No. 20; Opinion, Dkt. No. 18.)    "Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies 'admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"    *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241 (1937)).    It appears that the habeas petition is moot because Petitioner is no longer serving a sentence toward which the BOP could apply First Step Act time credits.    "[A] petitioner may still avoid a finding of mootness if he can show a continuing injury, or collateral consequence, that is sufficient"    *Id.* at 148 (citation omitted).

Assuming the petition is not moot, Petitioner's motion for reconsideration does not set forth one of the three bases for relief:    (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.    *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Petitioner invokes "manifest injustice," but for the reasons discussed below, it is inapplicable here.

In denying the habeas petition, this Court held,

> the plain language of 8 U.S.C. § 1228(c)(3)(A)(iii) provides
> that Petitioner's removal order was "final."    Thus,
> pursuant to 18 U.S.C. § 3632(d)(4)(E), Petitioner is
> statutorily ineligible for earned-time credit because he is

"the subject of a final order of removal[.]"

(Opinion, Dkt. No. 18 at 8.)   In a footnote of the Opinion, this Court stated "even assuming, arguendo, the judicial order of removal was not final when the time to appeal the order expired, pursuant to 8 U.S.C. § 1228(c)(3)(A) (iii), it was certainly final once the Supreme Court denied certiorari."   (*Id.* at 8, n. 8.)

Petitioner now contends he was eligible for application of FSA Time Credits from February 2023 through October 3, 2023, when the U.S. Supreme Court denied certiorari on his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and BOP should have applied his earned FSA time credits during that period. This Court's holding, however, was that Petitioner's removal order became final, at the latest, on December 2, 2019, when the Sixth Circuit Court of Appeals granted Petitioner's motion to dismiss his appeal.   (Opinion, Dkt. No. 18 at 7-8.)   This Court's alternative holding is not a basis for reconsideration of the denial of Petitioner's habeas petition where there is no basis for reconsideration of the Court's holding.   Therefore, the motion for reconsideration will be denied.   An appropriate Order follows.


**DATE:   July 11, 2024**

                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              Chief United States District Judge

3